1   Joel R. Weiner (SBN 139446)
    Joel.Weiner@kattenlaw.com
2   Gail Migdal Title (SBN 49023)
    Gail.Title@kattenlaw.com
3   Sara Karubian (SBN 266219)
    Sara.Karubian@kattenlaw.com
4   **KATTEN MUCHIN ROSENMAN LLP**
    2029 Century Park East, Suite 2600
5   Los Angeles, CA 90067
    Tel: 310.788.4400; Facsimile: 310.712.8233
6
    Attorneys for Defendants
7   TELEMUNDO NETWORK GROUP LLC,
    TELEMUNDO MUSIC PUBLISHING LLC,
8   PRODUCCIONES RTI S.A.S. AND
    PRODUCCIONES RTI LLC
9
                    UNITED STATES DISTRICT COURT
10
                   CENTRAL DISTRICT OF CALIFORNIA
11
    ROBERT PINTOS DOS SANTOS, an        ) CASE NO. SA-CV12-1373 JVS MLGx)
12  individual; and CLAUDIA FERME, an   )
    individual,                         )
13                                      ) **Hon. James V. Selna**
                    Plaintiffs          )
14                                      ) **NOTICE OF MOTION AND MOTION**
    v.                                  ) **TO DISMISS COMPLAINT;**
15                                      ) **MEMORANDUM OF POINTS AND**
    TELEMUNDO COMMUNICATIONS            ) **AUTHORITIES**
16  GROUP, LLC, a Delaware Limited      )
    Liability Company; TELEMUNDO        ) [Fed. R. Civ. Proc. 12(b)(6)]
17  GROUP LLC, a Delaware Limited       )
    Liability Company; TELEMUNDO        ) Date: December 17, 2012
18  HOLDINGS LLC, a Delaware Limited    ) Time: 1:30 p.m.
    Company; TELEMUNDO NETWORK,         ) Courtroom: 10(c)
19  LLC, a Delaware Limited Liability   )
    Company, TELEMUNDO NETWORK          )
20  GROUP LLC, a Delaware Limited       )
    Liability Company; TELEMUNDO        ) [*Notice of Motion and Motion to Dismiss*
21  MUSIC PUBLISHING LLC, a             ) *For Lack of Personal Jurisdiction;*
    Delaware Limited Liability Company; ) *Declarations of Ana Bond and Sara*
22  PRODUCCIONES RTI S.A.S., a          ) *Karubian; and [Proposed] Orders filed*
    Colombian simplified stock corporation ) *concurrently herewith*]
23  doing business as RTI COLOMBIA;     )
    RTI PRODUCTIONS LLC, a Florida      )
24  Limited Liability Company;          )
    PRODUCCIONES RTI LLC, a Florida     )
25  Limited Liability Company;          )
    TELEMUNDO-RTI PRODUCTIONS           )
26  LLC, a Delaware Limited Liability   )
    Company; and DOES 1-20,             )
27                                      )
                    Defendants.         )
28  _____

_____

                          **MOTION TO DISMISS**

# TABLE OF CONTENTS

I.      INTRODUCTION. ...................................................................................1

II.     STATEMENT OF FACTS. .....................................................................2

III.    APPLICABLE LAW. ..............................................................................3

IV.     ALL OF THE STATE-LAW CLAIMS ARE PREEMPTED BY THE
        COPYRIGHT ACT. .................................................................................4

        A.      The State-Law Claims Are Preempted. .......................................4

                1.      The Standard For Preemption Under the Federal Copyright
                        Act. ...................................................................................4

                2.      The Claims For Fraud, Violation of the UCL, Unjust
                        Enrichment, Conversion, Accounting and Injunction Are
                        Preempted. ........................................................................5

V.      PLAINTIFFS FAIL TO PLEAD THE ELEMENTS OF FRAUD. ..................6

        A.      The Complaint Fails To Allege Any Misrepresentation or
                Justifiable Reliance. ....................................................................6

        B.      The Fraud Claim Is Not Pleaded With Particularity. ..................7

        C.      Plaintiffs' Fraudulent Concealment Allegation Does Not State A
                Claim. ..........................................................................................8

VI.     THE OTHER STATE LAW CLAIMS, IN ADDITION TO BEING
        PREEMPTED BY THE COPYRIGHT ACT, FAIL TO STATE CLAIM.........9

        A.      The UCL Claim Fails To State a Claim. .....................................9

                1.      The UCL Claim Is Based on Conduct Outside of California
                        Allegedly Harmful To A Non-California Resident. .......9

                2.      Defendants Did Not Engage In Actionable Conduct. .....9

        B.      Unjust Enrichment, Accounting, and Injunction Are Not Viable
                Causes of Action. .......................................................................10

VII.    THE COURT SHOULD STRIKE AND/OR DISMISS PLAINTIFFS'
        CLAIMS FOR ATTORNEY'S FEES, ENHANCED DAMAGES AND
        STATUTORY DAMAGES UNDER 17 U.S.C. § 412, AS PLAINTIFFS
        FAILED TO TIMELY REGISTER THEIR COPYRIGHTS. ...........................11

VIII.  CONCLUSION. ..................................................................................12

**Katten**
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel    310.788.4471 fax

**MOTION TO DISMISS**

## TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal,*
  556 U.S. --, 129 S. Ct. 1937 (2009) ...................................................... 3

*B.L.M. v. Sabo & Deitsch,*
  55 Cal. App. 4th 823 (1997) .................................................................. 7

*Batt v. City and County of San Francisco,*
  155 Cal. App. 4th 65 (2007) ................................................................ 11

*Bell Atlantic v. Twombly,*
  550 U.S. 544, 127 S. Ct. 1955 (2007) ................................................... 3

*Bily v. Arthur Young & Co.,*
  3 Cal. 4th 370 (1992) ........................................................................... 7

*Buckland v. Threshold Enters., Ltd.,*
  155 Cal. App. 4th 798 (2007) ............................................................... 9

*Californians for Disability Rights v. Mervyn's, LLC,*
  39 Cal. 4th 223 (2006) ........................................................................ 10

*CasaBlanca,*
  159 Cal. App. 3d at 530 ...................................................................... 10

*Cel-Tech Communications v. Los Angeles Cellular Telephone Co.,*
  20 Cal. 4th 163, fn. 12 (1999) ............................................................ 10

*Conrad v. Bank of America,*
  45 Cal. App. 4th 133 (1996) ................................................................. 7

*Del Madera Properties v. Rhodes & Gardner, Inc.,*
  820 F.2d 973 (9th Cir. 1987) ................................................................ 5

*Downing v. Abercrombie & Fitch,*
  265 F.3d 994 (9th Cir. 2001) ................................................................ 5

*Edwards v. Marin Park, Inc.,*
  356 F.3d 1058 (9th Cir. 2004) .............................................................. 8

*Firoozye v. Earthlink Network,*
  153 F. Supp. 2d 1115 (N.D. Cal. 2001) ................................................ 5

*Fraker v. Sentry Life Ins. Co.,*
  19 Cal. App. 4th 276 (1993) ................................................................. 7

*Garcia v. Superior Court,*
  50 Cal. 3d 728 (1990) .......................................................................... 7

*Idema v. Dreamworks, Inc.,*
  162 F. Supp. 2d 1129 (C.D. Cal. 2001) ............................................ 5, 6

Katten
KattenMuchinRosenmanLLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel  310.788.4471 fax

*In re Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability Litigation,*
    754 F. Supp. 2d 1145 (C.D. Cal. 2010)..................................................................11

*Kasky v. Nike, Inc.,*
    27 Cal. 4th 939 (2002).......................................................................................10

*Kodadek v. MTV Networks, Inc.,*
    152 F.3d 1209 (9th Cir. 1998)........................................................................4, 10

*Kwikset Corp. v. Superior Court,*
    51 Cal. 4th 310 (2011).........................................................................................9

*Lauriedale Assoc. v. Wilson,*
    7 Cal. App. 4th 1439 (1992)...............................................................................10

*Laws v. Sony Music Entertainment, Inc.,*
    448 F.3d 1134 (9th Cir. 2006)..............................................................................4

*Marketing Info. Masters, Inc. v. Bd. of Trustees of Cal. State Univ. System,*
    552 F. Supp. 2d 1088 (S.D. Cal. 2008) ...............................................................5

*Martin v. Walt Disney Internet Group,*
    2010 WL 2634695 (S.D. Cal. June 30, 2010) ....................................................12

*McKell v. Washington Mutual, Inc.,*
    142 Cal. App. 4th 1457 (2006).............................................................................10

*Motown Record Corp. v. George A. Hormel & Co.,*
    657 F. Supp. 1236 (C.D. Cal. 1987)......................................................................5

*Northwest Mortgage, Inc. v. Superior Court,*
    72 Cal. App. 4th 214 (1999)..................................................................................9

*Schreiber Distrib. Co. v. Serv-Well Furniture Co.,*
    806 F.2d 1393 (9th Cir. 1986)...............................................................................4

*Shell Oil Co. v. Richter,*
    52 Cal. App. 2d 164 (1942).................................................................................11

*Stop Loss Ins. Brokers, Inc. v. Brown & Toland Medical Group,*
    143 Cal. App. 1036 (2006)....................................................................................9

*Sybersound Records, Inc. v. UAV Corp.,*
    517 F.3d 1137 (9th Cir. 2008)...............................................................................4

*Vess v. Ciba-Geigy Corp. USA,*
    317 F.3d 1097 (9th Cir. 2003)...............................................................................8

*Williams v. Southern Pac. R. R. Co.,*
    150 Cal. 624 (1907).............................................................................................11

*Wise v. Wells Fargo Bank, N.A.,*
    850 F. Supp. 2d 1047 (C.D. Cal. 2012)...............................................................11

Katten
KattenMuchinRosenman LLP

2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

*Worldvision Enterprises, Inc. v. American Broadcasting Co., Inc.*,
     142 Cal. App. 3d 589 (1983) .......................................................................... 9

*Worth v. Universal Pictures, Inc.*,
     5 F. Supp. 2d 816 (C.D. Cal. 1997) .............................................................. 5

**Statutes**

15 U.S.C. § 506(a) ................................................................................................ 5

17 U.S.C. § 301(a) ................................................................................................ 4

17 U.S.C. § 412 ............................................................................................. 11, 12

Cal. Bus. & Prof. Code § 17200 ............................................................... 1, 4, 10

Copyright Act § 412 ............................................................................................. 1

Copyright Act § 504(c) ...................................................................................... 11

**Rules**

Rule 12(b)(6) .................................................................................................... 1, 3

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

**MOTION TO DISMISS**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

**PLEASE TAKE NOTICE THAT** on December 17, 2012 at 1:30 p.m., or as soon thereafter as the matter can be heard, before the Honorable James V. Selna, in Courtroom 10C of the United States District Court, Central District of California, Southern Division, located at 411 West Fourth Street, Santa Ana, California 92701-4516, defendants Telemundo Network Group LLC, Telemundo Music Publishing LLC, Producciones RTI S.A.S. and Producciones RTI LLC (collectively, "Defendants") will, and hereby do, move for an order dismissing the Complaint by plaintiffs Robert Pintos Dos Santos and Claudia Ferme (collectively, "Plaintiffs") and each cause of action therein.[1]

This motion is made under Federal Rule of Civil Procedure 12(b)(6) on the ground that Plaintiffs fail to state a claim upon which relief may be granted.  The state law claims are each preempted by the Copyright Act and/or otherwise fails to state a claim, and the claim for copyright infringement improperly seeks statutory damages and attorney's fees.  More specifically:

First Claim:

- The requests for attorneys fees and costs, enhanced damages and statutory damages encompassed in the first cause of action for copyright infringement should be stricken or dismissed because the works at issue were not registered when the alleged infringement commenced as shown by the registration certificates attached to the Complaint and alleged in paragraphs 20 and 21 of the Complaint;

Second Claim:

- The claim for fraud fails because the Complaint does not allege a misrepresentation, justifiable reliance, or a duty to disclose; fraud is not alleged with particularity as required by Federal Rules of Civil Procedure

---

[1]     In accordance with the Court's Initial Order Following Filing of Complaint Assigned to Judge Selna, a copy of the Complaint is attached hereto as Exhibit A.

**MOTION TO DISMISS**

Katten
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

9(b); and the claim is preempted by the Copyright Act because the facts allege nothing more than unauthorized use of a copyrighted work;.

Third Claim:

- The claim for violation of California Business and Professions Code section 17200 (the "UCL") fails because it is based on alleged unauthorized use of Plaintiffs' copyrighted songs and thus preempted by the Copyright Act; fails to state a claim; and does not apply, as Plaintiffs are not California residents and were not injured in California;

Fourth Claim:

- The claim for unjust enrichment fails because it is based on alleged unauthorized use of Plaintiffs' copyrighted songs and is thus preempted by the Copyright Act, and because unjust enrichment is a remedy not an independent claim;

Fifth Claim:

- The claim for conversion fails because it is based on alleged unauthorized use of Plaintiffs' copyrighted songs and is thus preempted by the Copyright Act;

Sixth Claim:

- The claim for accounting fails because it is based on alleged unauthorized use of Plaintiffs' copyrighted songs and is thus preempted by the Copyright Act, and because accounting is a remedy not an independent claim; and

Seventh Claim:

- The claim for injunction fails because it is based on alleged unauthorized uses of Plaintiffs' copyrighted songs and is thus clearly preempted by the Copyright Act, and because injunction is a remedy not an independent cause of action.

Defendants' counsel have met and conferred with Plaintiffs' counsel on the grounds for this motion in multiple telephone discussions and in letters dated October 12, 2012, October 17, 2012 and October 19 2012, thereby satisfying the meet and confer requirements under Local Rule 7-3. Despite extensive meet and confer efforts, Plaintiffs refused to withdraw any of their claims, thereby necessitating this motion.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities and Declarations filed herewith, this Court's file, such additional matters of which the Court may or must take judicial notice, and the pleadings and papers filed herein and such other matters as may be present in the Court in connection with this motion.[2]

Respectfully submitted,

DATED: November 12 , 2012        **KATTEN MUCHIN ROSENMAN LLP**
                                 Joel R. Weiner
                                 Sara Karubian

                                 By: /s/ Joel R. Weiner
                                         Joel R. Weiner
                                 Attorneys for Defendants
                                 TELEMUNDO NETWORK GROUP LLC,
                                 TELEMUNDO MUSIC PUBLISHING LLC,
                                 PRODUCCIONES RTI S.A.S. AND
                                 PRODUCCIONES RTI LLC,

---

[2]       Producciones RTI S.A.S. and Producciones RTI LLC are concurrently filing a motion to dismiss for lack personal jurisdiction and to quash service, and expressly reserve, and do not intend to waive, those defenses by filing this concurrent motion under Rule 12(b)(6).

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION.

Plaintiffs Robert Pintos Dos Santos and Claudia Ferme (collectively, "Plaintiffs") bring this action against defendants Telemundo Network Group LLC, Telemundo Music Publishing LLC, Producciones RTI S.A.S. and Producciones RTI LLC (collectively, "Defendants") based on allegations that Defendants used two of Plaintiffs' songs in a Spanish television show (the "Telenovela") without permission.

The most glaring defect in the Complaint is that Plaintiffs' state law claims are based on alleged unauthorized use of Plaintiffs' songs in violation of Plaintiffs' exclusive rights under the Copyright Act, and, thus, all of those claims are equivalent to copyright and are preempted by the Copyright Act.  Under established Ninth Circuit law, these preempted state law claims should be dismissed on a Rule 12(b)(6) motion.

The state law claims also fail for other reasons.  The fraud claim, in addition to merely serving as a disguised copyright claim, fails because the Complaint does not allege a misrepresentation of fact, justifiable reliance, or a duty to disclose; and because fraud is not alleged with requisite particularity under Federal Rules of Civil Procedure 9(b).  Further, the central allegation of that claim – that Plaintiffs did not find out about the use of the songs until a few months after the premiere of the Telenovela – is really a statute of limitations defense, not a fraud claim.  The claim for violation of Business and Professions Code section 17200 (the "UCL") is meritless because Plaintiffs are not consumers or competitors and because the alleged injury was suffered by non-California residents in South America; thus, the UCL does not apply to the alleged facts.  Finally, the claims for unjust enrichment, accounting and injunction are not viable because they are remedies not independent claims.

At best, the Complaint asserts a single claim for copyright infringement, but that claim, too, is defective.  Plaintiffs improperly claim statutory damages and attorney's fees, which are barred by Section §412 of the Copyright Act because the works at issue were not registered when the alleged infringement commenced.  This

Katten
KattenMuchinRosenmanLLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

1

1  defect is clear on the face of the Complaint and cannot be cured.   Accordingly,
2  Plaintiffs' claims for statutory damages and attorney's fees should be dismissed (or
3  stricken from the claim for copyright infringement).
4          Accordingly, the motion to dismiss should be granted without leave to amend.
5  Defendants respectfully suggest that the only remaining claim should be for copyright
6  infringement, without claims for attorney's fees and statutory damages.
7  **II.      STATEMENT OF FACTS.**
8          Pintos and Ferme are songwriters and performers living in Uruguay.
9  (Complaint, ¶¶ 4, 5, 18, 19.)   Pintos and Ferme collaborated to "complete[]" songs
10 titled "Vivir Asi" in 2003 and "Vuelvo A Verte" in 2007 (collectively, the "Songs").
11 (Complaint, ¶¶ 20, 21).   The effective date of the Copyright Registration of the "sound
12 recording, performance, production" for "Vivir Asi", in Pintos's name, is June 29,
13 2012.  (Complaint, Exs. A, B.)   The effective date of the Copyright Registration of the
14 "music and lyrics" for "Vuelvo a Verte", in Pintos and Ferme's names, is June 26,
15 2012.  (Complaint, Ex. C.)   The effective date of the Copyright Registration of the
16 "[s]ound recording, performance, production" for "Vuelvo a Verte", in Pintos's name,
17 is June 26, 2012.  (Complaint, Ex. D.)
18         The Spanish-language soap opera "Ninos Ricos Pobra Padres" ("Rich Kids,
19 Poor Parents" or, the "Telenovela") was allegedly co-produced in Colombia by
20 Telemundo and Colombian company RTI S.A.S., and broadcast by Telemundo in the
21 United States.  (Complaint, ¶ 26.)   In February 2009 in Colombia, Miguel de Narveaz
22 ("Narveaz"), allegedly "of RTI", contacted Pintos to inquire if Pintos wished to
23 provide songs for use in the Telenovela.  (Complaint, ¶ 22.)   Specifically, Narveaz
24 told Pintos that "in exchange for the production of work for hire songs, Defendants
25 would pay PINTOS a fee."  (Complaint, ¶ 22.)   In response, Pintos sent Narveaz a
26 variety of previously produced songs allegedly as samples.  (Complaint, ¶ 23.)
27
28

**MOTION TO DISMISS**

The Telenovela premiered on the Telemundo television network in July 2009. In September 2009, Pintos requested payment for his work[3] and Narvaez sent Pintos documents that would transfer Pintos' rights in the Songs to Telemundo.  (Complaint, ¶ 24.)  Pintos did not sign the documents.  (Complaint, ¶ 24.)  Pintos alleges that shortly thereafter he learned the Songs were used in the Telenovela.  (Complaint, ¶ 25.)

In sum, Pintos and Narveaz collaborated on songs for the Telenovela and a dispute arose over payment, with Plaintiffs claiming that Defendants used Plaintiffs' songs in the Telenovela without their permission in violation of Plaintiffs' exclusive rights under the Copyright Act.  Plaintiffs attempt to assert a claim for copyright infringement and six duplicative state law claims based on these allegations.

## III.   APPLICABLE LAW.

In addition to the jurisdictional and service defects (addressed in a separate motion), Plaintiffs' claims fail on the merits.  A court should dismiss a complaint under Rule 12(b)(6) where the plaintiff cannot proffer "enough facts to state a claim to relief that is plausible on its face."  *See Bell Atlantic v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007).  A "plaintiff's obligation to provide the 'grounds' for his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 545. "Factual allegations must be specific enough to raise a right to relief above the speculative level."  *Id*. at 555.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. --, 129 S. Ct. 1937, 1949 (2009).  In addition, under Federal Rules of Civil Procedure 9(b), fraud must be pleaded with particularity.

Leave to amend should be denied when the court determines that the "allegation of other facts consistent with the challenged pleading could not possible cure the

---

[3]   Although omitted from the Complaint, Pintos received a sum of money in connection with his work on providing music for the Telenovela, and that sum has not been returned.

Katten
KattenMuchinRosenman LLP

2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

1    deficiency."  *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401

2    (9th Cir. 1986).

3    **IV.    ALL OF THE STATE-LAW CLAIMS ARE PREEMPTED BY THE**

4    **COPYRIGHT ACT.**

5        **A.    The State-Law Claims Are Preempted.**

6        Plaintiffs' second through seventh claims each seek relief based upon the same

7    allegations of wrongful conduct that are the bases for the copyright claim.  Therefore,

8    these claims must be dismissed because they are unquestionably preempted by the

9    Copyright Act.

10            **1.    *The Standard For Preemption Under the Federal Copyright***

11                ***Act.***

12        The Ninth Circuit employs a two-part test to determine whether the Copyright

13    Act preempts particular state law claims.  Preemption occurs when:  (1) the work at

14    issue comes within the subject matter of copyright; and (2) the rights granted under

15    state law are equivalent to those protected by the Act.  *Laws v. Sony Music*

16    *Entertainment, Inc.*, 448 F.3d 1134, 1137-38 (9th Cir. 2006); 17 U.S.C. § 301(a).

17    Where state law claims are "merely copyright claims dressed up to look like state law

18    claims" and the state law claims are indistinguishable from a copyright infringement

19    claim, dismissal is proper.  *Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137,

20    1150 (9th Cir. 2008).

21        Courts in this Circuit regularly find preemption and dismiss state law claims for

22    unfair competition, unjust enrichment, conversion, accounting, and injunctive relief

23    where the claims are based on the alleged unauthorized use of the plaintiff's work.

24    *See e.g.*, *Sybersound Records, Inc.*, 517 F.3d at 1152; *Kodadek v. MTV Networks, Inc.*,

25    152 F.3d 1209, 1213 (9th Cir. 1998) (dismissing unfair competition claims pursuant to

26    Cal. Bus. & Prof. Code § 17200 as preempted);[4] *Downing v. Abercrombie & Fitch*,

_____

27        [4]    In *Kodadek*, the basis of the Plaintiffs' UCL claim was "that defendants
released a cartoon . . . <u>without his authorization</u> and released merchandise . . . without

28    his authorization." *Kodadek*, 156 F.3d at 1212-13 (emphasis  added).  Because the

**Katten**
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

265 F.3d 994, 1003 (9th Cir. 2001); *Del Madera Properties v. Rhodes & Gardner, Inc.*, 820 F.2d 973, 977 (9th Cir. 1987) (overruled on other grounds) (dismissing unjust enrichment claims as preempted); *Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1193 (C.D. Cal. 2001); *Worth v. Universal Pictures, Inc.*, 5 F. Supp. 2d 816, 822 (C.D. Cal. 1997); *Marketing Info. Masters, Inc. v. Bd. of Trustees of Cal. State Univ. System*, 552 F. Supp. 2d 1088, 1098 (S.D. Cal. 2008) ("conversion actions seeking only damages for reproduction of the property – not return of tangible property – are preempted by the Copyright Act"); *Motown Record Corp. v. George A. Hormel & Co.*, 657 F. Supp. 1236, 1241 (C.D. Cal. 1987) (accounting claim preempted); *Firoozye v. Earthlink Network*, 153 F. Supp. 2d 1115, 1132 (N.D. Cal. 2001) (injunction claim preempted).

### 2. The Claims For Fraud, Violation of the UCL, Unjust Enrichment, Conversion, Accounting and Injunction Are Preempted.

The Complaint's state-law claims are unquestionably preempted by the Copyright Act because they are based solely upon the allegations that give rise to Plaintiffs' copyright infringement claim.  Specifically:

- The UCL claim is based on the allegation that Defendants engaged in unlawful conduct in that their <u>use of the Songs "without Plaintiffs' consent or authorization</u> constitutes a violation of 15 U.S.C. §506(a)" (Complaint, ¶ 51) (emphasis added);

- The unjust enrichment claim is based on the allegation that "Defendants have <u>exploited</u> the valuable intellectual property embedded within Plaintiffs VIVIR ASI and VUELO A VERTE <u>works of authorship without permission of or compensation to</u> the Plaintiffs"  (Complaint, ¶ 56) (emphasis added);

UCL claim was "based solely on rights equivalent to those protected by the federal copyright laws," it was preempted and dismissed.  *Id.* at 1213.

- The conversion claim is based on the allegation that "Defendants took the intellectual property embodied in Plaintiffs' VIVIR ASI and VUELO A VERTE works of authorship by fraudulent means and thereafter <u>used this intellectual property in violation of Plaintiffs' exclusive rights</u>" (Complaint, ¶ 60) (emphasis added);

- The accounting claim is based on the allegation that "Plaintiff is entitled under U.S. Copyright law to an accounting . . ." (Compliant, ¶ 63);

- The injunction claim is based on the allegation that "Defendants are likely to persist in illegally <u>violating Plaintiffs exclusive rights</u> in there [*sic*] works of authorship unless the court enjoins defendants from doing so." (Complaint, ¶ 67) (emphasis added); and

- The fraud claim is based on the allegation that "Defendants were exploiting VUELO A VERTE and VIVIR ASI <u>without Plaintiffs' knowledge, consent, license or approval</u>." (Complaint, ¶ 44) (emphasis added).   While fraud claims sometimes allege facts that can avoid preemption, Plaintiffs' fraud claim here is nothing but a disguised copyright claim.

The allegations underlying Plaintiffs' state-law claims make clear that the claims are based on alleged violation of the rights afforded Plaintiffs by the Copyright Act, *i.e.,* alleged unauthorized use of the Songs.  As these are "wrongs" intended to be exclusively addressed by the Copyright Act, these claims are preempted.  *Idema*, 162 F. Supp. 2d at 1193.  Given the aforementioned authorities, the Complaint's state-law claims must be dismissed.

## V.    PLAINTIFFS FAIL TO PLEAD THE ELEMENTS OF FRAUD.

### A.    The Complaint Fails To Allege Any Misrepresentation or Justifiable Reliance.

In order to state a cause of action for fraud, a plaintiff must plead each of the following elements:  "(1) a false representation as to a material fact, (2) knowledge of

Katten
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

the falsity (3) intent to defraud, (4) justifiable reliance, and (5) resulting damage." *Fraker v. Sentry Life Ins. Co.*, 19 Cal. App. 4th 276, 285 (1993). Thus, to recover for fraudulent or negligent misrepresentation, a plaintiff must plead facts demonstrating a misrepresentation and actual and justifiable or reasonable reliance on the alleged misrepresentation. *Id.*; *Conrad v. Bank of America*, 45 Cal. App. 4th 133, 157 (1996); *Bily v. Arthur Young & Co.*, 3 Cal. 4th 370, 413 (1992) ("the gravamen of the cause of action for negligent misrepresentation . . . is actual, justifiable reliance on the representations . . . . Without such reliance, there is no recovery") (citing *Garcia v. Superior Court*, 50 Cal. 3d 728, 737 (1990)); *B.L.M. v. Sabo & Deitsch*, 55 Cal. App. 4th 823, 836 (1997).

Plaintiffs' fraud claim is based on the allegation that "Defendants were exploiting VUELO A VERTE and VIVIR ASI without Plaintiffs' knowledge, consent, license or approval." (Complaint, ¶ 44.) This is not a fraud claim at all, but only a disguised copyright infringement claim. Noticeably absent from the Complaint are any allegations demonstrating that any Defendant misrepresented any material fact. Absent a misrepresent, the fraud claim cannot stand and should be dismissed.[5]

The Complaint is also devoid of any allegation establishing that Plaintiffs took any action in reliance on the alleged fraudulent conduct. Plaintiffs' allegations that Defendants failed to tell Plaintiffs earlier that the Songs had been used speaks to reasonable discovery under the statute of limitation, not fraud. Plaintiffs' failure to plead reasonable reliance is fatal to their fraud claim and the claim should be dismissed on that ground as well.

### B. The Fraud Claim Is Not Pleaded With Particularity.

Facts constituting fraud must be set forth with specificity. Fed. R. Civ. P. 9(b). "To avoid dismissal for inadequacy under Rule 9(b), [the] complaint [must] state the

[5] The fraud claim is also defective because it is based on alleged conduct occurring in South America – not California - and the alleged injury was to a resident of Uruguay – not California. Given the lack of any fact implicating California, the fraud claim is improperly asserted in this action.

**MOTION TO DISMISS**

time, place, and specific content of the false representation as well as the identities of the parties to the misrepresentation." *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004). In addition, the plaintiff must allege what is false or misleading about a statement and why it is false. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) ("Rule 9(b) demands that, when averments of fraud are made, the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge . . . a plaintiff must set forth more than the neutral facts necessary to identify the transaction.").

Plaintiffs' claim does not satisfy this heightened pleading standard. Plaintiffs do not identify any fact that was misrepresented or concealed, nor is any specific Defendant alleged to have engaged in any specific conduct. The only person alleged to have had <u>any</u> communication with Pintos is Narveaz, and Plaintiffs do not allege each element of fraud with particularity as to Narveaz. Noticeably absent are factual allegations of the time, place and specific content of any misrepresentation or concealment of any material fact. Because Plaintiffs fall fair short of pleading fraud with the requisite particularity, the fraud claim should be dismissed. Fed. R. Civ. P. 9(b); *Edwards*, 356 F.3d at 1066; *Vess*, 317 F.3d at 1106.

## C.     Plaintiffs' Fraudulent Concealment Allegation Does Not State A Claim.

Impliedly conceding the absence of any fraudulent misrepresentation, Plaintiffs allege that "Defendants failed to disclose" that the Songs would be broadcast in the Telenovela, "with the intent to prevent Plaintiffs from learning that Defendants were exploiting [the Songs] without Plaintiffs'" permission. (Complaint, ¶¶ 43, 44.) However, Plaintiffs cannot salvage their fraud claim by basing it on an alleged failure to disclose. "[T]o establish fraud through nondisclosure or concealment of facts, it is necessary to show that the defendant 'was under a legal duty to disclose them.'"

Katten
KattenMuchinRosenmanLLP

2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

1  *Buckland v. Threshold Enters., Ltd.*, 155 Cal. App. 4th 798, 807 (2007) (disapproved

2  on other grounds in *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310 (2011)).

3      The fraudulent concealment claim is meritless because Plaintiffs do not identify

4  any material fact that was concealed by Defendants.   The claim also fails because

5  Defendants do not owe a duty to disclose to Plaintiffs.   Plaintiffs do not allege they

6  had any communication at all with any of Defendants until a dispute arose.   At best,

7  Plaintiffs allege an arm's length business relationship between Pintos and Narvaez.[6]

8  Certainly these alleged facts cannot give rise to a fiduciary or confidential relationship

9  between Plaintiffs and Defendants.   Plaintiffs' failure to allege concealment of a fact

10 or any grounds for a duty to disclose renders their fraudulent concealment claim

11 deficient and the claim should be dismissed.

12 **VI.   THE  OTHER  STATE  LAW  CLAIMS,  IN  ADDITION  TO  BEING**
13 **PREEMPTED BY THE COPYRIGHT ACT, FAIL TO STATE CLAIM.**

14      **A.     The UCL Claim Fails To State a Claim.**

15           **1.     *The UCL Claim Is Based on Conduct Outside of California***
16           ***Allegedly Harmful To A Non-California Resident.***

17      The UCL claim is based on communications between Pintos and Narveaz in

18 South America concerning use of the Songs in the Telenovela being produced in

19 Colombia.   The alleged injury was suffered by Plaintiffs, residents of Uruguay.   Such

20 out-of-state conduct and harm to non-California residents simply cannot support the

21 UCL claim.  *See Northwest Mortgage, Inc. v. Superior Court*, 72 Cal. App. 4th 214,

22 224-25 (1999).

23           **2.     *Defendants Did Not Engage In Actionable Conduct.***

24      California's UCL establishes three alternative varieties of unfair competition:

25 acts or practices which are unlawful, or unfair, or fraudulent.  Cal. Bus. & Prof. Code

---

26 [6]    Courts have declined to impose even "broad tort duties in arms-length business
27 dealings."  *Stop Loss Ins. Brokers, Inc. v. Brown & Toland Medical Group*, 143 Cal.
   App. 1036, 1042 (2006); *see also Worldvision Enterprises, Inc. v. American
28 *Broadcasting Co., Inc.*, 142 Cal. App. 3d 589, 595 (1983) (finding no duty owed by
   parties in business relationship).

**MOTION TO DISMISS**

Katten
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

1  § 17200.  *Kasky v. Nike, Inc.*, 27 Cal. 4th 939, 950 (2002).  A business practice is

2  "fraudulent" if "members of the public are likely to be deceived." *Id*. at 950.  Recent

3  case law has limited "unfair" practices under the UCL to antitrust violations or other

4  specific threats to competition.  *Cel-Tech Communications v. Los Angeles Cellular*

5  *Telephone Co.*, 20 Cal. 4th 163, 187, fn. 12 (1999) (business competitor case).

6      Plaintiffs appeal to the fraudulent prong of the UCL (Complaint, ¶ 50);

7  however, they fail to allege facts showing that Defendants engaged in fraud, how

8  members of the public could be deceived by the alleged unauthorized use of the Songs

9  in the Telenovela, or any basis for standing to sue for harm to the public.  *Kasky*, 27

10  Cal. 4th at 950.  Plaintiffs cannot invoke standing by virtue of the broadcast of the

11  Telenovela in California because, as a result of Proposition 64, plaintiffs have no

12  standing to sue on behalf of the general public.  *See Californians for Disability Rights*

13  *v. Mervyn's, LLC*, 39 Cal. 4th 223, 232 (2006).  Nor do Plaintiffs plead facts

14  satisfying the unfairness prong of the UCL, as the Complaint does not implicate anti-

15  trust or competition matters.  *CasaBlanca*, 159 Cal. App. 3d at 530; *Cel-Tech*

16  *Communications*, 20 Cal. 4th at 187, fn. 12.  Yet, even if Plaintiffs could otherwise

17  state a claim, they cannot avoid that the gist of the claim is unauthorized use of the

18  Songs, which results in the claim being preempted by the Copyright Act.  *Kodadek*,

19  156 F.3d at 1213

20      **B.    Unjust Enrichment, Accounting, and Injunction Are Not Viable**

21          **Causes of Action.**

22      There is no common law cause of action under California law for unjust

23  enrichment.  Rather, unjust enrichment is merely a basis for obtaining restitution

24  based on a quasi-contract theory.  *McKell v. Washington Mutual, Inc.*, 142 Cal. App.

25  4th 1457, 1490 (2006); *see also*, *Lauriedale Assoc. v. Wilson*, 7 Cal. App. 4th 1439,

26  1448 (1992) (unjust enrichment "does not describe a theory of recovery, but an effect:

27  the result of a failure to make restitution under circumstances where it is equitable to

28  do so"); *In re Toyota Motor Corp. Unintended Acceleration Marketing, Sales*

Katten

KattenMuchinRosenman LLP

2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

10

*Practices, and Products Liability Litigation*, 754 F. Supp. 2d 1145, 1193-94 (C.D. Cal. 2010) ("Courts consistently have held that unjust enrichment is not a proper cause of action under California law"). Nor is injunctive relief a cause of action; rather, it is a remedy. *Shell Oil Co. v. Richter*, 52 Cal. App. 2d 164, 168 (1942) (injunctive relief is a remedy and not, in itself, a cause of action, and a cause of action must exist before injunctive relief may be granted) (citing *Williams v. S. Pac. R. R. Co.*, 150 Cal. 624 (1907)); *Batt v. City and County of San Francisco*, 155 Cal. App. 4th 65, 82 (2007). Likewise, "[a]ccounting is not an independent cause of action but merely a type of remedy and an equitable remedy at that." *Wise v. Wells Fargo Bank, N.A.*, 850 F. Supp. 2d 1047, 1055 (C.D. Cal. 2012).

Thus, not only are Plaintiffs' unjust enrichment, accounting and injunction claims preempted by the Copyright Act, as discussed in a preceding section above, they are not viable causes of action in California. The claims should be dismissed.

## VII.   THE COURT SHOULD STRIKE AND/OR DISMISS PLAINTIFFS' CLAIMS FOR ATTORNEY'S FEES, ENHANCED DAMAGES AND STATUTORY DAMAGES UNDER 17 U.S.C. § 412, AS PLAINTIFFS FAILED TO TIMELY REGISTER THEIR COPYRIGHTS.

Plaintiffs seek "reasonable attorney's fees and costs" as part of the first cause of action for copyright infringement and in their Prayer for Relief. (Complaint, ¶ 35 and paragraphs 9 and 10 of the Prayer.) Plaintiffs also seek enhanced and statutory damages pursuant to § 504(c) of the Copyright Act. (Complaint, ¶ 35, paragraph 2 of the Prayer.) However, 17 U.S.C. § 412 provides in pertinent part that "no award of statutory damages or of attorney's fees, as provided by sections 504 and 505.... shall be made for --- (2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work." As Plaintiffs applied for copyright registrations only in June 2012 (Complaint, Exhibits A-D), well over three months after the commencement of the alleged infringement in or around

Katten
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

11

September 2009 (Complaint, ¶¶ 24, 25), they are barred on the face on the Complaint from seeking statutory damages or attorneys fees. 17 U.S.C. § 412. Such claims for statutory damages and attorneys fees are properly dismissed on a Rule 12 motion when apparent on the face of the pleading. *Martin v. Walt Disney Internet Group*, 2010 WL 2634695 *3 (S.D. Cal. June 30, 2010) (stating "[i]f a plaintiff requests attorney's fees and statutory damages in the complaint, courts routinely decide whether such remedies are available under the Copyright Act on a 12(b)(6) motion," and granting motion to dismiss requests for statutory damages, enhanced damages and attorney's fees).

## VIII. CONCLUSION.

For the foregoing reasons, Plaintiffs' overreaching Complaint should be pared down to a single claim of copyright infringement (without prayers for fees or statutory damages) against one or two Defendants over whom Plaintiffs can establish personal jurisdiction in California, if any. Accordingly, Defendants respectfully request that the Court grant Defendants' motion to dismiss the Complaint in its entirety.[7]

Respectfully submitted,

DATED: November 12, 2012

**KATTEN MUCHIN ROSENMAN LLP**
Joel R. Weiner
Sara Karubian

By:/s/ Joel R. Weiner
Joel R. Weiner
Attorneys for Defendants
TELEMUNDO NETWORK GROUP LLC,
TELEMUNDO MUSIC PUBLISHING LLC,
PRODUCCIONES RTI S.A.S. and
PRODUCCIONES RTI LLC

---

[7]     The meet and confer letters attached to the Declaration of Sara Karubian, filed concurrently herewith, demonstrate the absence of additional arguments or facts which could cure Plaintiffs' defective claims. Accordingly, leave to amend would be futile and should not be granted.

**MOTION TO DISMISS**

Katten
KattenMuchinRosenmanLLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax